**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 18 2021

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

ESTATE OF WILLIAM HAN
MANSTROM-GREENING, through Carol
J. Manstrom, Personal Representative,

Plaintiff-Appellant,

v.

LANE COUNTY; et al.,

Defendants-Appellees.

No.   20-35072

D.C. No. 6:18-cv-00530-MC

MEMORANDUM*

Appeal from the United States District Court
for the District of Oregon
Michael J. McShane, District Judge, Presiding

Argued and Submitted March 5, 2021
Portland, Oregon

Before:  BOGGS,** PAEZ, and WATFORD, Circuit Judges.

Carol Manstrom brings this action in her capacity as the personal

representative of the Estate of her son, William Han Manstrom-Greening.  The

Estate alleges the following claims: (1) a state-law negligence claim against Glenn

---

\*      This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

\*\*      The Honorable Danny J. Boggs, United States Circuit Judge for the
U.S. Court of Appeals for the Sixth Circuit, sitting by designation.

Greening, William's father; (2) a Fourteenth Amendment claim under 42 U.S.C. § 1983 against Greening in his capacity as a state actor; and (3) a Fourteenth Amendment claim under § 1983 against Lane County, Lane County Parole and Probation, and Donovan Dumire, the Manager of Parole and Probation. The Estate appeals from the district court's order granting summary judgment to defendants. We affirm in part, reverse in part, and remand.

1. The district court erred in granting summary judgment to Greening on the state-law negligence claim. Under Oregon negligence law, an actor is negligent if he "ought reasonably to foresee that he will expose another to an unreasonable risk of harm." *Stewart v. Jefferson Plywood Co.*, 469 P.2d 783, 786 (Or. 1970). The concept of foreseeability "refers to generalized risks of the type of incidents and injuries that occurred rather than predictability of the actual sequence of events." *Fazzolari v. Portland Sch. Dist. No. 1J*, 734 P.2d 1326, 1338 (Or. 1987). Here, the generalized risk of harm resulting from Greening's act of leaving a loaded gun on a desk in the living room is that someone else living in the home could harm themselves or another with the gun, either intentionally or accidentally. Unfortunately, that is exactly what happened when William used Greening's gun to take his own life. A reasonable jury could find that William's suicide was within the realm of foreseeable risks resulting from Greening's act of leaving his

loaded gun readily accessible and unsecured. *See Piazza v. Kellim*, 377 P.3d 492, 512–13 (Or. 2016).

**2.** The district court properly granted summary judgment to defendants on the Fourteenth Amendment claims. The state-created danger doctrine holds state actors liable for violating a person's substantive due process right to bodily integrity when the state actors "affirmatively and with deliberate indifference placed that person in danger." *Pauluk v. Savage*, 836 F.3d 1117, 1122 (9th Cir. 2016). Here, the record does not show that Greening acted with deliberate indifference to a known or obvious danger. *See Patel v. Kent Sch. Dist.*, 648 F.3d 965, 974 (9th Cir. 2011). No rational jury could find that Greening knew about William's suicidal ideation and nevertheless chose to leave a loaded gun accessible. Thus, there is no showing that Greening recognized the risk that William might take his own life and intended to expose William to that risk. *See Hernandez v. City of San Jose*, 897 F.3d 1125, 1135 (9th Cir. 2018). Because there is no showing of deliberate indifference, we need not reach the issue of whether Greening acted affirmatively or under color of state law.

Without an underlying constitutional violation by Greening, we also need not address whether Dumire and the County defendants ratified Greening's conduct. *See City of St. Louis v. Praprotnik*, 485 U.S. 112, 127–28 (1988); *Trevino v. Gates*, 99 F.3d 911, 918, 920 (9th Cir. 1996).

**AFFIRMED in part and REVERSED in part; CASE REMANDED.**

The parties shall bear their own costs on appeal.